# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CHARLES K. MCKNIGHT
and JEAN B. MCKNIGHT,

    Plaintiffs,

v.

CHICAGO TITLE
INSURANCE CO., INC.,

    Defendant.

CIVIL ACTION

U.S. DISTRICT COURT
Southern District of Georgia
Filed in Office
8:30 A. M.
May 12, 20___
_____
Deputy Clerk

NO. CV203-002

## O R D E R

Defendant, Chicago Title Insurance Co., Inc. ("Chicago Title"), has filed a motion seeking reconsideration of the portion of the Court's March 17, 2005, Order denying its summary judgment motion on the issues of bad faith penalties and attorney's fees. In the alternate, Chicago Title requests the Court to bifurcate the liability claim and the bad faith claim at trial. For the following reasons, Chicago Title's motion will be **DENIED**.

## FACTS

Chicago Title issued the McKnights a policy of title insurance on May 20, 1991, insuring Plaintiffs' title to a

residential lot that they purchased by warranty deed the same day. Plaintiffs later discovered an alleged defect in their title relating to the width of a private easement providing access to their property. They made a claim on Chicago Title on March 16, 2001, in which they sought to recover damages arising from this purported defect in title, which the McKnights allege limits their ability to subdivide the lot. Chicago Title refused their claim, and this breach of contract action resulted.

The parties filed cross motions seeking summary judgment which the Court denied. The Court concluded that genuine issues exist as to whether the McKnights suffered a compensable injury, thereby entitling them to indemnification by Chicago Title. The Court further concluded that a determination regarding bad faith was premature as the requisite basic liability issue was unresolved.

## DISCUSSION

### I. Bad Faith

Chicago Title argues that bad faith penalties are not available in the instant case as a matter of law because issues of fact exist as to whether Plaintiffs are entitled to coverage under the policy. An award of penalties and attorney's fees are authorized "where, following reasonable proof of loss by

the insured, the insurer refuses to pay and such denial of benefits is not in 'good faith.'" O.C.G.A. § 33-4-6; Binns v. Metro. Atlanta Rapid Transit Auth., 250 Ga. 847, 848, 301 S.E.2d 877, 878 (1983). "Good faith" requires a showing of reasonable or probable cause for not paying the claim on time. Atlanta Cas. Co. v. Jones, 247 Ga. 238, 241, 275 S.E.2d 328 (1981). An award of bad faith penalties and attorney's fees "are not authorized where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact." Rice v. State Farm Fire & Cas. Co., 208 Ga. App. 166, 169, 430 S.E.2d 75, 78 (1993) (citations omitted).

Contrary to Chicago Title's assertion, it is not merely the existence of genuine issues of fact that foreclose an award of bad faith penalties but, rather, that the insurer offers "a defense going far enough to show reasonable and probable cause for making it . . .". Moon v. Mercury Ins. Co., 253 Ga. App. 506, 507, 559 S.E.2d 532, 534 (2002); Cincinnati Ins. Co. v. Kastner, 233 Ga. App. 594, 504 S.E.2d 496 (1998) (affirming judgment for insured despite 73 allegedly disputed facts.). The issue, therefore, is whether Chicago Title "had 'a reasonable and probable cause for refusing to pay [the McKnights'] claim.'" See Moon, 253 Ga. App. at 507, 559 S.E.2d at 535. For the reasons indicated in the Court's March 17,

3

AO 72A
(Rev. 8/82)

2005, Order, it is not clear that Chicago Title's refusal to pay the McKnights' claim was either reasonable or supported by probable cause.

## II. Separate Trial

Alternately, Chicago Title requests the Court to bifurcate the issues of liability and bad faith damages at trial. "The court, in furtherance of convenience or to avoid prejudice . . . may order a separate trial of any claim[.]" Fed. R. Civ. P. 42(b). Separation of issues for trial, however, "is not to be routinely ordered[.]" Fed. R. Civ. P. 42(b) advisory committee's note.

Chicago Title contends that bifurcation is appropriate because Plaintiffs' efforts to introduce irrelevant alleged investigation deficiencies will prolong the trial. The Court is confident that, with the aid of cautionary instructions, only relevant evidence will be introduced and a jury will be able fairly and impartially to determine both liability and bad faith damages in a single trial.

## CONCLUSION

The Court has read and considered the positions of all parties. For the foregoing reasons, Chicago Title's motion seeking reconsideration or, in the alternate, bifurcation of

4

the liability and bad faith issues at trial, (Doc. No. 136) is **DENIED**.

**SO ORDERED**, this ___16___ day of May, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA