CHARLES K. McKNIGHT and
JEAN B. McKNIGHT,

    Plaintiffs,

vs.

CHICAGO TITLE INSURANCE
COMPANY, INC.,

    Defendant.

CIVIL ACTION NO.: CV203-002

## ORDER

Plaintiffs have filed a "Second Motion In Limine" to preclude witness Gail Wendel ("Wendel"), and similarly situated individuals, from testifying about the meaning, application, or requirements of the Glynn County subdivision regulations. Defendant has filed a Response to which Plaintiffs have filed a Reply. Plaintiffs contend that Wendel's testimony should be excluded because she will provide expert testimony and that Defendant failed to comply with the requirements for disclosure of expert witnesses. Additionally, Plaintiffs assert that Wendel's testimony is expected to include issues of law, information more appropriately provided to the jury by the Court. Defendant avers that Wendel is a fact witness with critical information, and to the extent her testimony is expert testimony, a declaration made by her satisfies the disclosure requirements set forth in Rule 26. Moreover, Defendant contends that any failure to comply with Rule 26 is "harmless" and "substantially justified."

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the expert witness disclosure should be in the form of a report which includes the following information:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

The Court finds that portions of the testimony Defendant intends to elicit from Wendel is expert testimony and that Wendel's declaration does not conform to the requirements of Rule 26(a)(2)(B). The Court further finds that the admission of Wendel's testimony is not "harmless" or "substantially justified." In light of these findings, Wendel is specifically precluded from testifying about the meaning, application, or requirements of the Glynn County subdivision regulations. This Order in no way affects Wendel's ability to testify as a fact witness. For the foregoing reasons, Plaintiffs' "Second Motion in Limine" (Dkt. No. 139) is hereby **GRANTED**.

**SO ORDERED**, this 23rd day of May, 2005.

---
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

2