IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 MAY 23 P 3 11

CLERK
SO. DIST. OF GA.

CHARLES K. McKNIGHT and
JEAN B. McKNIGHT,

   Plaintiffs,

vs.           CIVIL ACTION NO.: CV203-002

CHICAGO TITLE INSURANCE
COMPANY, INC.,

   Defendant.

## ORDER

Plaintiffs have filed a "First Motion In Limine" to exclude any evidence of or reference to Marvin Pipkin ("Pipkin") as Plaintiffs' agent or attorney. Defendant has filed a Response to which Plaintiffs have filed a Reply. Plaintiffs contend that this evidence should be excluded for the following reasons: (1) Defendant's allegations that Pipkin was Plaintiffs' agent are based upon Pipkin's deposition testimony, evidence which is not sufficient to establish an agency relationship; (2) Pipkin could not have acted as Plaintiffs' agent because he was the lender's agent; and (3) the existence of an agency relationship between Plaintiffs and Pipkin is not relevant to the case.

Pipkin should not be referred to as Plaintiffs' agent during the questioning of witnesses. Witnesses can, however, testify as to their personal knowledge of any relationship between Pipkin and Plaintiffs. Additionally, the parties are permitted to argue that Pipkin was or was not Plaintiffs' agent. The determination of whether Pipkin was

Plaintiffs' agent is a question of fact for the jury, and as such, the Court will instruct the jury regarding the applicable principles of agency law. Consistent with the foregoing limitations, Plaintiffs' "First Motion In Limine" (Dkt. No. 138) is hereby **GRANTED**.

**SO ORDERED**, this 23rd day of May, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE